IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EDDIE PATENT HOLDINGS LLC, GIDDY HOLDINGS, INC., and BRETT JACOBSON, *Plaintiffs,* v. CALLAN JMB, INC., COLDCHAIN TECHNOLOGY SERVICES, LLC, MONARCH PROPERTY MANAGEMENT, LLC, WAYNE D. WILLIAMS, DONNA WILLIAMS, LIBERTY SMITH DUKE, REVIVAL HEALTH INC., and JAMES J. CHAO, MD, *Defendants.* | § § § § § § § § § § § § § § § § § § § § | Civil Action No. 3:26-cv-00885-X |

## <u>MEMORANDUM OPINION AND ORDER</u>

Defendants Liberty Smith Duke, Monarch Property Management, LLC (Monarch) and Revival Health Inc. (Revival) (collectively, Movants) seek relief from an entry of default. (Docs. 15, 29). For the following reasons, the Court **GRANTS** the motions to set aside the entry of default.

### I.     Background

Plaintiffs Eddie Patent Holdings LLC, Giddy Holdings, Inc., and Brett Jacobson (Plaintiffs) allege a civil Racketeer Influenced and Corrupt Organizations Act (RICO) claim, and state law claims for fraud, negligent misrepresentation, promissory estoppel, quantum meruit, and civil conspiracy against Callan JMB, Inc.,

Coldchain Technology Services, LLC, Monarch Property Management, LLC, Wayne D. Williams, Donna Williams, Liberty Smith Duke, Revival Health Inc., and James J. Chao, MD.  Duke was served on March 27, 2026, and was required to answer or otherwise respond to the complaint by April 17.[1]  Monarch and Revival were served on March 30, 2026, and were required to answer or otherwise respond to the complaint by April 20.[2]

On April 16, 2026, Revival's CEO, Robb Fujioka, received an email from co-defendant Wayne Williams stating that William's counsel obtained an extension on filing an answer.[3]  Fujioka then forwarded this email to his previous attorney, who believed that the extension applied to all defendants in this case, including Revival. Similarly, Duke and Monarch claim to have believed that the extension applied to themselves as well, although it is unclear where they received this information.

When Duke, Monarch, and Revival (the movants) failed to file an answer by the April 20 deadline, the plaintiffs requested a clerk's default on April 21, which the clerk entered on April 23.[4]  It was only then that Duke and Monarch hired counsel to respond to Plaintiffs' claims and move to set aside the clerk's default.[5]  Duke then informed Revival that an entry of default had been entered against them.[6]  After investigating the issue, Revival found that its previous understanding of an extension

---

[1] Doc. 15 at 2.

[2] *Id.*; Doc. 29 at 2.

[3] Doc. 30-1 at 9.

[4] Doc. 29 at 2.

[5] Doc. 15 at 2.

[6] Doc. 29 at 2.

was mistaken.[7]   Revival then hired its current counsel and moved to set aside the default on April 28.[8]

## II.   Legal Standard

Federal Rule of Civil Procedure 55(c) permits the Court to "set aside an entry of default for good cause[.]"[9]  To find good cause, courts in the Fifth Circuit "consider three non-exclusive factors: whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented."[10]

The Fifth Circuit has indicated that these three factors are "not talismanic" and should be treated in the disjunctive.[11]   The Fifth Circuit also looks to other factors, including whether "the defendant acted expeditiously to correct the default."[12]  At bottom, what is "imperative is that they be regarded simply as a means of identifying circumstances which warrant the finding of 'good cause' to set aside a default."[13]

Willful neglect is a threshold finding: "when the court finds an intentional failure of responsive pleadings there need be no other finding."[14]  The "willfulness

---

[7] *Id.* at 3.

[8] *Id.*

[9] FED. R. CIV. P. 55(c).

[10] *Koerner v. CMR Const. & Roofing, LLC*, 910 F.3d 221, 225 (5th Cir. 2018) (cleaned up).

[11] *Matter of Dierschke*, 975 F.2d 181, 183–84 (5th Cir. 1992) ("We perceive a variance among our circuit colleagues as to whether the court must consider and note its disposition of all three factors on the record.  Decisions of three circuits may be read to require such consideration by the trial court. Others have treated the factors in the disjunctive.  We find the latter course more persuasive." (cleaned up)).

[12] *Id.* at 184.

[13] *Id.*

[14] *Id.*

factor is reviewed under the 'excusable neglect' standard of Federal Rule of Civil Procedure 60(b)."[15]  "Excusable neglect is intended and has proven to be quite elastic in its application.  In essence it is an equitable concept that must take account of all relevant circumstances of the party's failure to act within the required time."[16]  It "encompasses 'late filings [that] were due to mistake, inadvertence or carelessness and not to bad faith[.]'"[17]

"Defaults are generally disfavored."[18]  Unless "it appears that no injustice results from the default, relief should be granted."[19]  Furthermore, although:

> [A] motion to set aside a default decree under Fed. R. Civ. P. 55(c) is somewhat analogous to a motion to set aside a judgment under Fed. R. Civ. P. 60(b), the standard for setting aside a default decree is less rigorous than setting aside a judgment for excusable neglect.[20]

### III.    Analysis

The Court finds there is good cause to set aside the default under Rule 55(c).

First, the Court finds that Movants' failure to respond to the complaint was not willful but was the result of excusable neglect.  Movants had a reasonable belief that the extension granted to some co-defendants applied to all defendants in this

---

[15] *Reyelts v. Cross*, 2013 WL 4874090, at *1 (N.D. Tex. Apr. 23, 2013) (Cureton, J.) (citing *CJC Holdings, Inc v. Wright & Lato, Inc.*, 979 F.2d 60, 62 (5th Cir. 1992)).

[16] *Mattress Giant Corp. v. Motor Advert. & Design, Inc.*, 2008 WL 898772, at *2 (N.D. Tex. Mar. 31, 2008) (Fitzwater, J.) (cleaned up).

[17] *Id.* (quoting *Panis v. Mission Hills Bank, N.A.*, 60 F.3d 1486, 1494 (10th Cir. 1995)).

[18] *Koerner*, 910 F.3d at 225 (cleaned up).

[19] *Id.* (cleaned up).

[20] *United States v. One Parcel of Real Prop*, 763 F.2d 181, 183 (5th Cir. 1985) (cleaned up).

case.  So, the defendants made a good-faith mistake that their answering deadline had been extended and quickly hired counsel after they discovered the mistake.

Second, the plaintiffs will not be prejudiced by the Court setting aside the default.  The movants argue that at most, the plaintiffs may have a brief delay in the adjudication of their claims and that "mere delay does not alone constitute prejudice."[21]  The movants further argue that the plaintiffs bear the burden of showing that Movants' delay in responding to the complaint would have resulted in "the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion."[22]  The plaintiffs have failed to meet that burden.

Third, the Court finds that the movants adequately presented a meritorious defense.[23]  Among other arguments, the movants intend to argue that the plaintiffs' RICO allegations are insufficient, leaving some possibility that the plaintiffs will fail to state a claim under RICO and civil conspiracy as to the movants.[24]

---

[21] Doc. No. 15 at 4 (quoting *Lacy v. SitelCorp*, 227 F.3d 290, 293 (5th Cir. 2000)).

[22] *Id.* (quoting *Berthelsen v. Kane*, 907 F.2d 617, 621 (5th Cir. 1990)).

[23] And even if the Defendants did not, the Court is not required to consider this factor.  *J&J Sports Prods., Inc. v. Moso Ventures, Inc.,* 2012 WL 3846536, at *2 (N.D. Tex. Aug. 10, 2012) (Stickney, M.J.) *adopted J&J Sports Prods., Inc. v. Moso Ventures, Inc.,* 2012 WL 3846514, at *1 (N.D. Tex. Sep. 5, 2012) (Godbey, J.) ("The district court need not consider all of these factors.  Moreover, the Fifth Circuit Court of Appeals has stated that factors are not 'talismanic,' and other factors may be considered." (cleaned up)).

[24] Doc. 15 at 7.

To be sure, the Court has yet to find the movants argument meritorious.[25]  But if the argument could be proven, then the defense would be successful.[26]  So the Court finds that the defendants have raised a meritorious defense.

Fourth, the Court finds that Movants acted diligently to correct the default.[27]  Duke and Monarch obtained counsel after the entry of the clerk's default and promptly filed motions to set aside the default seven days after it was entered.[28]  Similarly, five days after the default was entered, Revival hired counsel who moved to set aside the default.[29]  While the movants could have avoided their mistake with an inquiry into the extension, they did diligently act to correct their mistake upon its discovery.  Accordingly, the Court finds that this factor weighs in favor of the Defendants.

---

[25] *J&J Sports Prods., Inc.*, 2012 WL 3846536, at *2 ("The standard for showing a meritorious defense is not stringent because the likelihood of success is not the measure for the 'absence of meritorious defense' criterion.  A defendant's allegations are meritorious if they contain 'even a hint of a suggestion' which, proven at trial, would constitute a complete defense." (cleaned up)).  This is a very low hurdle.

[26] *See, e.g., iLife Techs., Inc. v. ActiveCare, Inc.*, 2013 WL 1943322, at *2 (N.D. Tex. May 10, 2013) (Lynn, J.) (finding that one of the defendants "asserted defenses which, if proven, would affect the outcome of the litigation in its favor" and that "[m]ore is not necessary to establish good cause") (citing *Azzopardi v. Ocean Drilling & Expl. Co.*, 742 F.2d 890, 895 (5th Cir. 1984)).

[27] *See Effjohn Int'l Cruise Holdings, Inc. v. A&L Sales, Inc.*, 346 F.3d 552, 563 (5th Cir. 2003) ("Other factors may be considered, such as whether the party acted expeditiously to correct the default.").

[28] Doc. 15 at 8.

[29] Doc. 29 at 2.

## IV.    Conclusion

For these reasons the Court **GRANTS** the Movants' motions.

**IT IS SO ORDERED** this 7th of July 2026.

_____

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE